# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| STERLING ASKEW and SYLVIA ASKEW, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 14-cv-02080-STA-tmp |
| | ) |
| CITY OF MEMPHIS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AFFIRMING MAGISTRATE JUDGE'S DECISION

Defendant City of Memphis filed a motion to exclude the testimony of Plaintiff's expert, Michael A. Knox, on October 20, 2015. (ECF No. 153.) The motion was referred to the United States Magistrate Judge for determination on that same date. (ECF No. 161.) On October 22, 2015, Defendants Officer Ned Aufdenkamp and Officer Matthew Dyess filed a similar motion. (ECF No. 165.) That motion was also referred to the Magistrate Judge for determination. (ECF No. 168.) On March 7, 2016, Magistrate Judge Tu M. Pham issued an order granting in part and denying in part Defendants' motions. (ECF No. 285.) Defendant City filed objections to the Magistrate Judge's order on March 14, 2016, and amended objections on March 15, 2016. (ECF Nos. 286, 287.) Plaintiffs filed a response to Defendant City's objections on March 28, 2016. (ECF No. 293.) For the reasons set forth below, the decision of the Magistrate Judge is

1

**AFIRMED.**[1]

## Background

Plaintiffs Sterling and Sylvia Askew, the parents of Steven Askew, the decedent, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated the civil rights of their deceased son under the Fourth and Fourteenth Amendment Rights to the United States Constitution.[2] The Magistrate Judge included the following background summary in his order; neither party has objected to his recitations of the facts.

> On the evening of January 17, 2013, the Memphis Police Department ("MPD") received a call concerning loud music coming from an apartment located at 3193 Tyrol Court in Memphis, Tennessee. MPD Officers Ned Aufdenkamp and Matthew Dyess were dispatched to respond to the call. For reasons unknown, the Officers left the Tyrol Court location after responding to the noise complaint and went to an adjacent apartment complex, the Windsor Place Apartments, located at 3197 Royal Knight Cove. From here, the parties' versions of events diverge drastically.
>
> The City and the Officers (collectively "Defendants") allege that while checking the same general area around the Tyrol Court apartments on the night in question, the Officers saw Steven Askew passed out behind the wheel of a running vehicle in the parking lot of the Windsor Place Apartments. When the Officers approached the vehicle to assess the situation, Officer Aufdenkamp noticed a handgun in Askew's lap and notified Officer Dyess. The Officers then woke Askew up by tapping loudly on his car window and shouting loud verbal commands, at which time Askew made hand gestures towards the Officers and pointed the gun at Officer Aufdenkamp. Both Officers opened fire on Askew, which ultimately resulted in his death.

---

[1] The orders of reference noted that failure to timely assign as error a defect in the Magistrate Judge's order would constitute a waiver of that objection. (ECF Nos. 161, 168 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a)).) Defendant Officers have not filed objections to the Magistrate Judge's order, and Plaintiffs' response to Defendant City's objections merely asks the Court to affirm the decision of Magistrate Judge Pham; Plaintiffs have not objected to the portion of the order partially granting Defendants' motions to exclude Knox's testimony. (Resp., ECF No. 293.) Consequently, the Court finds that Defendant Officers and Plaintiffs have waived any objections to the order.

[2] (Cmplt., ECF No. 1-2.)

Plaintiffs allege that on the night in question, Askew was asleep in his car in the parking lot of the Windsor Place Apartments, waiting for his girlfriend who resides there to return from work. Upon spotting Askew in his vehicle, the Officers angled their patrol car towards Askew's car and turned on their overhead lights to illuminate his vehicle; however, the Officers never activated any blue lights, sirens, or other emergency equipment to get Askew's attention. Plaintiffs do not dispute that Askew had a gun in the car (which he was legally permitted to carry), but assert that he never pointed the gun at the Officers, and certainly did not fire the weapon. Plaintiffs also point out that although one officer reported that he saw Askew with a gun in his right hand, Askew actually had a cigar in his right hand at the time of the incident. The Officers fired a total of twenty-two shots that night, hitting Askew multiple times and killing him.[3]

## Magistrate Judge's Order

Plaintiffs retained Knox to reconstruct the scene of Askew's death and to analyze the procedures used by MPD officers before, during, and after the shooting incident. Magistrate Judge Pham summarized Defendant City's arguments that Knox's testimony should be excluded as follows: (1) Knox did not consider all possible scenarios in reaching his conclusions, and thus, his opinion is based on conjecture and speculation; (2) he does not properly explain the basis for some of his opinions; (3) some of his opinions are not relevant and should be excluded because the "segmenting rule" applies; (4) the City does not agree with some of Knox's conclusions; (5) Knox has not sufficiently established the necessary elements for municipal liability under 42 U.S.C. § 1983; and (6) some of his opinions are legal conclusions that are beyond the scope of acceptable expert testimony.[4]

Defendant Officers incorporated the arguments made by Defendant City in their motion and also argued that Knox's testimony should be excluded because: (1) Knox's investigation was deficient, and, as such, will not assist the trier of fact; (2) some of Knox's conclusions are

---

[3] (Mag. J. Ord. at pp. 2-4, ECF No. 285.)

[4] (*Id.* at pp. 5-6.)

3

"inaccurate"; (3) Knox's opinion is based on conjecture and speculation; (4) Knox did not consider distorted perception studies in reaching his opinion, even though he authored one such study himself; (5) Knox's opinion relating to the tactics used by Defendant Officers is "completely irrelevant based upon the existing law under 42 U.S.C. Section 1983 and the defense of qualified immunity"; and (6) Knox's opinions that the actions of the Officers were "not objectively reasonable under the circumstances" and that the amount of force they utilized was "excessive" are improper legal conclusions.[5]

In making his decision, the Magistrate Judge considered the briefs and exhibits filed in support of Defendants' motions, Plaintiffs' responses to the motions, Defendant City's reply to Plaintiffs' response to its motion, Knox's report and curriculum vitae,[6] Knox's testimony at his deposition, and the applicable law before granting the motions in part and denying the motions in part.[7] The Magistrate Judge analyzed the Court's "gate-keeping role" under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[8] and determined as follows.

Knox's Investigation

Defendant Officers argued that Knox's investigation into the case was deficient and the conclusions based on his investigation will not assist the trier of fact. Magistrate Judge Pham

---

[5] (*Id.* at pp. 7-8.)

[6] Although Defendants have not challenged Knox's qualifications, Magistrate Judge Pham independently determined that Knox was qualified to give an expert opinion on the subject matter at issue. (*Id.* at pp. 13-14.)

[7] (*Id.* at pp. 1-2.)

[8] 509 U.S. 579 (1993) (holding that Federal Rule of Evidence 702 requires that trial courts perform a "gate-keeping role" when considering the admissibility of expert testimony).

4

rejected this argument and found that "Knox's investigation was not deficient so as to warrant the exclusion of his testimony," and that "Knox's conclusions based on his investigation could be helpful to the jury, and that the Officers' challenges to Knox's investigation can be addressed through cross-examination."[9]

Because Defendant Officers did not file objections to Magistrate Judge Pham's order, any objection to this finding is waived.[10]

Basis for Knox's Opinion

In their motions, Defendants argued that Knox has not adequately supported his opinions and that his opinions are based on speculation and conjecture. Magistrate Judge Pham determined that Knox had adequately explained the basis for all but one of his conclusions.

Defendants specifically pointed to Knox's conclusion that "physical evidence indicated that Askew could not have pointed his pistol at either officer" as lacking in support.[11] Magistrate Judge Pham rejected this argument and found that, based on Knox's detailed description and analysis of the evidence, Knox had adequately explained the basis for his conclusion.[12]

Defendant City challenged Knox's opinion that "[w]hen approaching a person who is sleeping in a vehicle, it is reasonable and prudent to assume that, if startled or awakened quickly, the individual's immediate perception of his surroundings might not be clear. The individual may not immediately recognize that he has been awakened by police officers but may instead assume

---

[9] (Mag. J. Ord. at pp. 2-4, ECF No. 285.)

[10] *See* Note 1, *supra.*

[11] (Mag. Judge Ord. at p. 16, ECF No. 285.)

[12] (*Id.* at p. 17.)

that he has been approach[ed] by someone wishing to do him harm."[13] Magistrate Judge Pham acknowledged the merit of Defendant City's statement of the law that it is "generally impermissible for an expert to testify about a party's state of mind" but found that Knox had not done so.[14] Instead, Knox had "commented generally about the likely reaction of a person who is awakened or startled while asleep, not about Askew's reaction specifically."[15] Therefore, Defendant's argument was rejected.

Defendant City also challenged as speculative Knox's opinion that "[b]y failing to adequately investigate an officer-involved shooting, the Memphis Police Department is rubber-stamping the officers' conduct and setting precedent for use of deadly force investigations. The underlying message to rank-and-file officers is that any use of deadly force is likely to be deemed justified as long as the officers assert that they were in fear."[16] Magistrate Judge Pham found this challenge to be meritorious and granted Defendant City's motion as to this particular testimony.[17] Plaintiffs have not objected to this determination.

Defendant City also argued that Knox had no basis for opining that "Officers Aufdenkamp and Dyess testified that they handled this incident in accordance with their training and that they were told they did a good job with regard to this shooting . . . Assuming the officers' testimony to be true and accurate, the Memphis Police Department failed to train the

---

[13] (*Id.* (citing ECF No. 145).)

[14] (*Id.* at p. 18.)

[15] (*Id.*)

[16] (*Id.* (citing ECF No. 145).)

[17] (*Id.* at p. 19.)

officers properly with respect to handling incidents of this nature."[18] Magistrate Judge Pham rejected this argument on the ground that Knox had adequately explained in his report and deposition the reasons that he believed that the training of the Officers was inadequate.[19]

Defendant City and Defendant Officers argued that Knox should have considered various alternative possibilities that contradicted his conclusions. Because he did not, Defendants contended that Knox's opinions are based on conjecture and speculation.[20] Magistrate Judge Pham found that "Knox's failure to consider every remote possible scenario goes to the weight of his testimony rather than its admissibility."[21] Magistrate Judge Pham also found that Defendants' disagreement with certain other of Knox's conclusions did not affect the admissibility of Knox's testimony and that the disagreements were appropriate subjects for cross-examination.[22]

Defendant Officers contended that Knox's opinion ignored relevant scientific studies such as studies regarding officers' distorted perceptions during shooting incidents, including an article which Knox authored.[23] Magistrate Judge Pham accepted Knox's explanation in his deposition as to why he had not considered these particular studies in forming his opinion and

---

[18] (*Id.* (citing ECF No. 145).)

[19] (*Id.*)

[20] (*Id.* at p. 20.)

[21] (*Id.* at p. 21.)

[22] (*Id.* at p. 22.)

[23] (*Id.*)

7

denied this portion of Defendant's motion.[24]  Defendant Officers have waived any objection to this finding.

Application of the "Segmenting" Rule

Defendant City argued that "whether the officers' approach to the vehicle was reasonable [] is immaterial as the sequence of events is governed by the Segmenting Rule." Magistrate Judge Pham agreed with respect to Plaintiffs' excessive force claim and determined that Knox may not rely on the events that occurred before Defendant Officers' use of force when opining about Plaintiffs' excessive force claim. [25]  Plaintiffs have not objected to this finding by Magistrate Judge Pham.

However, Magistrate Judge Pham did not prohibit Knox from considering Defendant Officers' conduct leading up to Askew's death in relation to Plaintiffs' failure to train claim because the segmenting rule does not apply to such claims.[26]

Relevancy of Knox's Testimony under § 1983

Defendant City argues that Knox's testimony is not relevant under 42 U.S.C. § 1983 because, to establish municipal liability, Plaintiffs must prove deliberate indifference on the part of Defendant and "[i]n the face of an extensive investigation, labeling it as poor and shoddy is insufficient and does not amount to deliberate indifference."  Defendant City also asserts that Knox makes no reference to a pattern of inadequate investigations which is necessary to establish

---

[24] (*Id.* at p. 24.)

[25] (*Id.* at pp. 24-25.)

[26] (*Id.* at pp. 26-27 ("The Sixth Circuit has expressly permitted the use of expert testimony in establishing failure to train claims."))

§ 1983 liability.[27] Magistrate Judge Pham found that Defendant City's arguments went to the underlying merits of the Plaintiffs' claims and had no bearing on the admissibility of Knox's testimony.[28] For that same reason, Magistrate Judge Pham rejected Defendant Officers' argument that Knox's opinion "relative to the tactics utilized by Officers Aufdenkamp and Dyess is completely irrelevant based upon the existing law under 42 U.S.C. Section 1983 and the defense of qualified immunity."[29]

Legal Conclusions

Defendants argued that Knox's report contains inappropriate legal conclusions. Specifically, Defendant City objects to Knox's use of the word "ratified" in his statement that "[t]he Memphis Police Department failed to conduct a thorough investigation of this shooting and, by doing so, ratified the officers' conduct without regard to the factual circumstances surrounding the shooting."[30] Magistrate Judge Pham found that Knox's use of the word "ratified" in this statement did not constitute an improper legal conclusion.[31]

Defendant City also complained that Knox's opinion that Defendant Officers' tactical decisions likely "caused or contributed to this shooting" is "an issue for the jury and not an appropriate comment by the expert.[32] Magistrate Judge Pham determined that Knox was merely

---

[27] (*Id.* at p. 28.)

[28] (*Id.*)

[29] (*Id.*)

[30] (*Id.* at p. 29.)

[31] (*Id.*)

[32] (*Id.* at pp. 29-30.)

9

opining that Defendant Officers' contributed to Askew's death, which is not an improper legal conclusion.[33]

Defendant City and Defendant Officers contended that Knox's opinion that "[t]he use of deadly force by Officers Aufdenkamp and Dyess was excessive and was not objectively reasonable under the circumstances" is inadmissible as an improper legal conclusion, and Magistrate Judge Pham agreed. Defendants' motion was granted as to this portion of Knox's opinion. Plaintiffs did not file an objection to this finding.

Standard of Review

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review for "nondispositive" preliminary matters such as motions to compel.[34] Fed. R. Civ. P. 72(a) states that a district judge "shall consider" objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."[35] "The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard."[36] Under the clearly erroneous standard for findings of fact, the Court need only consider whether any evidence or showing exists to support the Magistrate Judge's finding and whether the finding was

---

[33] (*Id.* at p. 30.)

[34] *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). *See also* 28 U.S.C. § 636(b)(1)(A).

[35] Fed. R. Civ. P. 72(a); *Bell v. Int'l Bhd. of Teamsters*, 1997 WL 103320 *4 (6th Cir. 1997).

[36] *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp.2d 603, 605 (W.D. Tenn. 2009) (quotation omitted).

reasonable.[37] "When examining legal conclusions under the contrary to law standard, the Court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."[38]

The party filing the objections or appeal from a magistrate judge's ruling has the burden of proving that the decision was clearly erroneous.[39] "Rejection of expert testimony 'is the exception, rather than the rule.'"[40]

Objections and Analysis

As previously noted, Defendant Officers did not file objections to the Magistrate Judge's order. Therefore, the Court **AFFIRMS** the portion of Magistrate Judge Pham's order that denied Defendant Officers' motion to strike based on their arguments that (1) Knox's investigation into the case was deficient and the conclusions based on his investigation will not assist the trier of fact; (2) Knox's opinion ignored relevant scientific studies such as studies regarding officers' distorted perceptions during shooting incidents, including an article which Knox authored; (3) Knox should not be allowed to consider Defendant Officers' conduct leading up to Askew's

---

[37] *Tri–Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp.2d 835, 839 (W.D. Tenn. 1999) (citations omitted).

[38] *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks omitted)). *See also* 32 Am.Jur.2d Federal Courts § 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure").

[39] *See Lopez v. Metropolitan Government of Nashville and Davidson County*, 646 F. Supp.2d 891, 921 (M.D. Tenn. 2009); *see also Marks v. Struble*, 347 F. Supp.2d 136, 149 (D.N.J. 2004).

[40] *MAR Oil Co. v. Korpan*, 973 F. Supp.2d 775, 781 (N.D. Ohio 2013) (quoting Fed. R. Evid. 702 Advisory Committee's Note, 2000 Amend.); *see also In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 530 (6th Cir. 2008) (same).

death in relation to Plaintiffs' failure to train claim because the segmenting rule does not apply to such claims; and (4) Knox's opinion relative to the tactics used by Defendant Officers is not relevant under 42 U.S.C. § 1983 and the defense of qualified immunity.

Likewise, because Plaintiffs failed to object to Magistrate Judge Pham's order either in their response or in a separate filing, the Court **AFFIRMS** the portion of the order granting Defendants' motions to strike the following opinions: (1) Knox's opinion that "[b]y failing to adequately investigate an officer-involved shooting, the Memphis Police Department is rubber-stamping the officers' conduct and setting precedent for use of deadly force investigations. The underlying message to rank-and-file officers is that any use of deadly force is likely to be deemed justified as long as the officers assert that they were in fear" is hereby **STRICKEN;** (2) Any opinion or testimony by Knox that relies on the events that occurred before Defendant Officers' use of force when opining about Plaintiffs' excessive force claim is hereby **STRICKEN;** and (3) Knox's opinion that "[t]he use of deadly force by Officers Aufdenkamp and Dyess was excessive and was not objectively reasonable under the circumstances" is hereby **STRICKEN**.

Defendant City made timely objections to portions of the Magistrate Judge's decision, and the Court will consider those objections on the merits. Defendant contends that the Magistrate Judge erred in finding that (1) there is an adequate basis for Knox's opinions; (2) the segmenting rule does not apply to Plaintiffs' failure to train claim; and (3) Knox's opinions are relevant and admissible under § 1983. Defendant also contends that the Magistrate Judge erred in not excluding Knox's "legal conclusions."[41] The Court finds that Defendant City has not met

---

[41] (Amd. Obj. p. 2, ECF No. 287.)

its burden of proving that the Magistrate Judge's order was clearly erroneous or contrary to law.

Basis for Knox's Opinion

In his decision, Magistrate Judge Pham carefully considered Defendant's argument that Knox's opinion was based on speculation and conjecture. The Magistrate Judge rejected Defendant's argument that the fact that Knox's report does not refer to any outside authorities in support of his opinion that Askew could not have pointed his gun at either officer based on the movement of his body rendered that opinion inadmissible. The Magistrate Judge properly looked to the law of the Sixth Circuit in determining that "[a]n expert may certainly rely on his experience in making conclusions," as long as the expert explains "how that experience leads to the conclusion reached."[42] He then pointed out that Knox had provided a detailed description of the physical evidence that formed the basis of his opinion, including the position of Askew's body, the location of the gun, and the condition of his vehicle after the shooting.

In its objection to this portion of the Magistrate Judge's order, Defendant City merely refers the Court to its memorandum and reply filed in support of the motion to strike.[43] The Court has no duty under Fed. R. Civ. P. 72(a) to sort through pages of a memorandum and reply devoted to a variety of legal issues in order to find support for Defendant's objections. Objections are "to be specific in order to focus the busy district court's attention on only those issues that [are] dispositive and contentious."[44] Expecting the Court to comb through Defendant's previous filings would relieve Defendant of its burden to demonstrate how the

---

[42] (Mag. J. Ord. at p. 16, ECF No. 285 (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 432 (6th Cir. 2005) (internal citation and quotation marks omitted).)

[43] (Exb. to Amd. Obj., ECF No. 287-1.)

[44] *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Magistrate Judge's ruling was clearly erroneous or contrary to law.

However, even if the Court were to do so, the finding of the Magistrate Judge would still be upheld. As noted previously, Magistrate Judge Pham looked at the evidence in the record that supported Knox's opinion and the applicable law before finding that this particular opinion was admissible. Defendant has not met its burden to show that the decision was clearly erroneous or contrary to law.

Next, Defendant complains of Magistrate Judge Pham's finding allowing Knox's opinion concerning the reaction of a sleeping individual if startled or awakened suddenly. Magistrate Judge Pham determined that the opinion generally concerned the reaction of an unspecified individual and not that of Askew. Although Defendant correctly argues that a party's state of mind is not within the knowledge of any expert,[45] Magistrate Judge Pham was careful to distinguish between testimony concerning an unspecified individual's expected reaction and Askew's reaction in particular.

In *MAR Oil Co.*,[46] the Court determined that, even though the expert could not make conclusory statements about a defendant's actual state of mind, the expert could "testify that [Defendant] Brock's actions are inconsistent with industry standards. [The expert] may even testify that **a person with similar experience in Brock's position** would have known the industry standard and acted accordingly."[47]

---

[45] *See Johnson v. Baker*, 2009 WL 3486000, *5 (W.D. Ky. 2009) ("A party's state of mind, however, is not within the knowledge of any expert.")

[46] 973 F. Supp. 2d at 786.

[47] *Id.* (emphasis added.)

The Magistrate Judge's finding that Knox may not opine about Askew's actual state of mine (and did not do so) but may testify about the likely reaction of a person in Askew's position, i.e., someone sleeping in a vehicle who is "startled or awakened quickly," is not clearly erroneous or contrary to law.

Admissibility of Knox's Testimony Under §1983

Defendant City again refers to its previous filings as the basis of its objection that Magistrate Judge Pham erred in finding that Knox's opinion is relevant and admissible under § 1983.[48] As noted previously, the Court has no obligation to sort through Defendant City's prior memoranda to find support for its objection. The Magistrate Judge thoroughly examined this issue and found that Defendant's argument went to the merits of Plaintiffs' claims and not to the admissibility of Knox's testimony. Defendant has failed to show that this finding was clearly erroneous or contrary to law.

Application of Segmenting Rule

The Magistrate Judge found that the segmenting rule does not prevent Knox's consideration of Defendant Officers' conduct leading up to Askew's death for Plaintiffs' failure to train claim. In excessive and deadly force cases, the Sixth Circuit generally applies a "temporally segmented analysis to the possible erroneous actions taken by police officers."[49] Referred to as the "segmenting rule" or "segmenting approach," the Sixth Circuit "embrace[s] a somewhat narrow interpretation of the Supreme Court's mandate that courts look to the totality

---

[48] (Amd. Obj. pp. 3-4, ECF No. 287.)

[49] *Chappell v. City of Cleveland*, 585 F.3d 901, 914 (6th Cir. 2009).

of the circumstances in determining if excessive force is used."[50] Thus, under the segmenting rule, a court is to "'carve up' the events surrounding the challenged police action and evaluate the reasonableness of the force by looking only at the moments immediately preceding the officer's use of force," an approach that "applies even to encounters lasting very short periods of time."[51] As noted by Magistrate Judge Pham, Defendant City has not cited any authority for the proposition that the segmenting rule applies to failure to train claims, and the Court knows of no such authority.

Defendant City also argues that Knox's opinion does not create an issue as to the adequacy of Defendant's training program under *City of Canton, Ohio v. Harris*.[52] This argument relates to the merits of Plaintiffs' claim and not the admissibility of Knox's testimony. Defendant has not met its burden of showing that this portion of Magistrate Judge Pham's decision is clearly erroneous or contrary to law.

Legal Conclusions

Defendant City objects to the Magistrate Judge's finding that Knox's use of the terms "ratified" and "caused or contributed" are not legal conclusions. It is well-settled that an expert's opinion must stop short of embracing the "legal terminology" which frames the ultimate legal conclusion which the jury must reach in the case.[53]

In his decision finding that these terms were not improper legal conclusions, the

---

[50] *Claybrook v. Birchwell*, 274 F.3d 1098, 1103 (6th Cir. 2001).

[51] *Greathouse v. Couch*, 433 Fed.App'x 370, 372 (6th Cir. 2011).

[52] 489 U.S. 378 (1989).

[53] *See Torres v. County of Oakland*, 758 F.2d 147, 151 (6th Cir. 1985).

Magistrate Judge cited *Heflin v. Stewart Cnty., Tennessee*,[54] which held that the admission of expert testimony generally stating that conduct demonstrated "deliberate indifference" was not error because it "merely emphasized the witness's view of the seriousness of the defendants' failures" and *Hatton v. Spicer*,[55] which stated that "[w]hile an expert may testify as to ultimate fact issues or use 'legal' words in a non-legal fashion, an expert may not define legal terms or advise the jury of the law in the context of a particular fact situation." These cases provide adequate support for the Magistrate Judge's reasoning. Accordingly, the Court finds that this portion of the Magistrate Judge's decision was not clearly erroneous or contrary to law.

## Conclusion

Having reviewed the Magistrate Judge's order, the parties' briefing on appeal, and the entire record of the proceedings, the Court holds that the Magistrate Judge's ruling was not clearly erroneous or contrary to law. Therefore, the decision of the Magistrate Judge granting in part and denying in part Defendants' motions to strike is **AFFIRMED**.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 27, 2016.

---

[54] 958 F.2d 709, 715 (6th Cir. 1992).

[55] 2006 WL 5249850 at *1 (E.D. Ky. July 7, 2006).