IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

STERLING ASKEW and SYLVIA ASKEW,    )
                                     )
      Plaintiffs,                      )
                                     )
vs.                                  )    No.  14-cv-02080-STA-tmp
                                     )
CITY OF MEMPHIS, et al.,             )
                                     )
      Defendants.                     )

_____

ORDER AFFIRMING MAGISTRATE JUDGE'S DECISION
_____

Defendant City of Memphis filed a motion to exclude the testimony of Plaintiff's expert, David H. Ciscel, Ph.D., on October 23, 2015. (ECF No. 173.) The motion was referred to the United States Magistrate Judge for determination on that same date. (ECF No. 175.) On March 15, 2016, Magistrate Judge Tu M. Pham issued an order granting in part and denying in part Defendant's motion. (ECF No. 289.) Defendant City filed objections to the Magistrate Judge's order on March 23, 2016. (ECF No. 292.) Plaintiffs filed a response to Defendant City's objections on April 6, 2016. (ECF No. 294.) For the reasons set forth below, the decision of the Magistrate Judge is **AFFIRMED**.[1]

---

[1] The order of reference noted that failure to timely assign as error a defect in the Magistrate Judge's order would constitute a waiver of that objection. (ECF No. 175 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a)).) Plaintiffs' response to Defendant City's objections merely asks the Court to affirm the decision of Magistrate Judge Pham; Plaintiffs have not objected to the portion of the order partially granting Defendant's motion to exclude Dr. Ciscel's testimony. (Resp., ECF No. 294.) Consequently, the Court finds that Plaintiffs have waived any objections to the order.

1

Background

Plaintiffs Sterling and Sylvia Askew, the parents of Steven Askew, the decedent, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated the civil rights of their deceased son under the Fourth and Fourteenth Amendment Rights to the United States Constitution.[2] The Magistrate Judge included the following background summary in his order; neither party has objected to his recitations of the facts.

> On the evening of January 17, 2013, the Memphis Police Department ("MPD") received a call concerning loud music coming from an apartment located at 3193 Tyrol Court in Memphis, Tennessee. MPD Officers Ned Aufdenkamp and Matthew Dyess were dispatched to respond to the call. For reasons unknown, the Officers left the Tyrol Court location after responding to the noise complaint and went to an adjacent apartment complex, the Windsor Place Apartments, located at 3197 Royal Knight Cove. From here, the parties' versions of events diverge drastically.
>
> The City and the Officers (collectively "Defendants") allege that while checking the same general area around the Tyrol Court apartments on the night in question, the Officers saw Steven Askew passed out behind the wheel of a running vehicle in the parking lot of the Windsor Place Apartments. When the Officers approached the vehicle to assess the situation, Officer Aufdenkamp noticed a handgun in Askew's lap and notified Officer Dyess. The Officers then woke Askew up by tapping loudly on his car window and shouting loud verbal commands, at which time Askew made hand gestures towards the Officers and pointed the gun at Officer Aufdenkamp. Both Officers opened fire on Askew, which ultimately resulted in his death.
>
> Plaintiffs allege that on the night in question, Askew was asleep in his car in the parking lot of the Windsor Place Apartments, waiting for his girlfriend who resides there to return from work. Upon spotting Askew in his vehicle, the Officers angled their patrol car towards Askew's car and turned on their overhead lights to illuminate his vehicle; however, the Officers never activated any blue lights, sirens, or other emergency equipment to get Askew's attention. Plaintiffs do not dispute that Askew had a gun in the car (which he was legally permitted to carry), but assert that he never pointed the gun at the Officers, and certainly did not fire the weapon. Plaintiffs also point out that although one officer reported that he saw Askew with a gun in his right hand, Askew actually had a cigar in his right hand at the time of the incident. The Officers fired a total of twenty-two

---

[2] (Cmplt., ECF No. 1-2.)

2

shots that night, hitting Askew multiple times and killing him.³

<u>Magistrate Judge's Order</u>

Plaintiffs retained Dr. Ciscel to provide expert testimony concerning Askew's future earning capacity. Magistrate Judge Pham noted that Defendant City had not challenged Dr. Ciscel's qualifications or methodology but, instead, argued that his testimony should be excluded because his assumption that Askew would have worked as an aircraft mechanic and his projections of lost future earning capacity based on that assumption are "without factual support" and are "wild speculation."⁴ Defendant also argued that Dr. Ciscel's supplemental opinion that Askew could have become an automotive body repairer or automotive service technician was not timely filed and should be excluded under Rule 37(c) of the Federal Rules of Civil Procedure.⁵

In making his decision, the Magistrate Judge considered the briefs and exhibits filed in support of Defendant's motion, Plaintiffs' response to the motion, Defendant's reply to Plaintiffs' response, Dr. Cisclel's report, supplemental report, and curriculum vitae, Dr. Ciscel's testimony at his deposition, and the applicable law before granting the motion in part and denying the motion in part. The Magistrate Judge analyzed the Court's "gate-keeping role" under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, ⁶ and determined as follows.

Although Plaintiffs timely disclosed Dr. Ciscel's expert report titled "A Report on the Lost Earning Capacity for Steven K. Askew," on January 19, 2015, in which Dr. Ciscel

---

³ (Mag. J. Ord. at pp. 2-3, ECF No. 289.)

⁴ (*Id.* at p. 5.)

⁵ (*Id.* at pp. 5-6.)

⁶ 509 U.S. 579 (1993) (holding that Federal Rule of Evidence 702 requires that trial courts perform a "gate-keeping role" when considering the admissibility of expert testimony).

3

calculated Askew's future earnings based on the assumption that Askew would have had a career as an aircraft mechanic, the Magistrate Judge found that Plaintiffs did not timely serve Defendant with "An Updated Report on the Lost Earning Capacity for Steven K. Askew" in which Dr. Ciscel re-calculated Askew's future earnings based on the assumption that he would have been an automotive body repairer or automotive technician.[7] Magistrate Judge Pham found pursuant to Fed. R. Civ. P. 37(c)(1) that the "Updated Report" should be excluded.[8]

Because Plaintiffs failed to object to Magistrate Judge Pham's order either in their response or in a separate filing, the Court **AFFIRMS** the portion of the order granting Defendant's motion to strike "An Updated Report on the Lost Earning Capacity for Steven K. Askew," and the "Updated Report" is hereby **STRICKEN.**

In the original report, Dr. Ciscel stated that Askew received "a training diploma as an aircraft mechanic" in 2008. Dr. Ciscel's calculation of Askew's future earning capacity was based on the report of Dr. C. Greg Cates, another expert hired by Plaintiffs, who had proceeded on the assumption that Askew would have spent the rest of his work career as an aircraft mechanic. Based on this assumption and a base annual salary beginning in February 2013 of $42,631, Dr. Ciscel concluded that the present value of Askew's future earning capacity, less a personal consumption deduction, was $957,801.[9]

Defendant City argued that Dr. Ciscel's testimony should be excluded as unreliable because his opinions had no factual support and, thus, were speculative. Defendant specifically

---

[7] (Mag. J. Ord. at pp. 8, 11, ECF No. 289.)

[8] (*Id.* at p. 22.)

[9] (*Id.* at pp. 8-9.)

complained that Dr. Ciscel's assumption that Askew would have entered the aircraft mechanic profession in February 2013 was not supported by the record because Askew was not qualified to be an aircraft mechanic at the time of his death in January 2013.[10]

Magistrate Judge Pham examined whether Dr. Ciscel's original report should be excluded under the factors set forth in *Daubert*[11] and determined that it should not. Magistrate Judge Pham looked at Dr. Ciscel's testimony that the viability of his opinion remained "fairly strong," despite some of the weaknesses in the factual basis for his opinion, based on the deposition testimony of Plaintiffs and Askew's girlfriend, Lorri Latrice Wilson, that Askew had applied for aircraft mechanic jobs, was studying aviation books, and was saving money to take the necessary qualifying test.[12] Additionally, Askew had completed 2,042.5 hours of classes toward his aircraft mechanic degree.[13]

Based on this evidence, the Magistrate Judge concluded that the assumption underlying Dr. Ciscel's opinion that Askew would have become an aircraft mechanic was not so unsupported as to require exclusion. Instead, the weaknesses in Dr. Ciscel's report went to the

---

[10] (*Id.* at p. 27.) At the time of his death, Askew had not obtained an aircraft mechanic diploma and had never worked in the aircraft mechanic field. Additionally, Askew had not met other requirements of obtaining employment as an aircraft mechanic, including passing two qualifying tests to be eligible to take the required FAA exam, taking and passing the FAA exam, and obtaining an FAA license. (*Id.* at pp. 28-29.)

[11] The Supreme Court in *Daubert* set forth four non-exclusive factors for the courts to consider: (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the method used and the existence and maintenance of standards controlling the technique's operation; and (4) whether the theory or method has been generally accepted by the scientific community. 509 U.S. at 593-94.

[12] (Mag. J. Ord. at pp. 29-31 (citing ECF No. 161-1), ECF No. 289.)

[13] (*Id.* at pp. 31-32.)

weight of his testimony and could be challenged at trial through cross-examination.[14]

Standard of Review

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review for "nondispositive" preliminary matters such as motions to compel.[15] Fed. R. Civ. P. 72(a) states that a district judge "shall consider" objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."[16] "The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard."[17] Under the clearly erroneous standard for findings of fact, the Court need only consider whether any evidence or showing exists to support the Magistrate Judge's finding and whether the finding was reasonable.[18] "When examining legal conclusions under the contrary to law standard, the Court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."[19]

---

[14] (*Id.* at pp. 31-32.)

[15] *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). *See also* 28 U.S.C. § 636(b)(1)(A).

[16] Fed. R. Civ. P. 72(a); *Bell v. Int'l Bhd. of Teamsters*, 1997 WL 103320 *4 (6th Cir. 1997).

[17] *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp.2d 603, 605 (W.D. Tenn. 2009) (quotation omitted).

[18] *Tri–Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp.2d 835, 839 (W.D. Tenn. 1999) (citations omitted).

[19] *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks omitted)). *See also* 32 Am.Jur.2d Federal Courts § 143 (2008) ("A magistrate

The party filing the objections or appeal from a magistrate judge's ruling has the burden of proving that the decision was clearly erroneous.[20] "Rejection of expert testimony 'is the exception, rather than the rule.'"[21]

Objections and Analysis

Defendant City made timely objections to the Magistrate Judge's decision. Defendant contends that the Magistrate Judge erred in not excluding Dr. Ciscel's original report because his underlying assumptions were unsupported by the record and the Magistrate Judge misinterpreted Dr. Ciscel's deposition testimony.[22] The Court finds that Defendant has not met its burden of showing that the Magistrate Judge's decision was clearly erroneous or contrary to law.

Defendant contends that, at the time of his death, Askew had done nothing to pursue the necessary requirements for employment as an aircraft mechanic other than mentioning returning to school "every blue moon." Defendant points to Askew's sporadic work history and notes that he never worked in the aircraft field.[23] To the contrary, Askew's educational history and the deposition testimony of Ms. Wilson and Sterling and Sylvia Askew lend support to Magistrate Judge Pham's finding. Although, at the time of his death, Askew had not obtained his aircraft

---

judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure").

[20] *See Lopez v. Metropolitan Government of Nashville and Davidson County*, 646 F. Supp.2d 891, 921 (M.D. Tenn. 2009); *see also Marks v. Struble*, 347 F. Supp.2d 136, 149 (D.N.J. 2004).

[21] *MAR Oil Co. v. Korpan*, 973 F. Supp.2d 775, 781 (N.D. Ohio 2013) (quoting Fed. R. Evid. 702 Advisory Committee's Note, 2000 Amend.); *see also In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 530 (6th Cir. 2008) (same).

[22] (Obj. pp. 2-4, ECF No. 292.)

[23] (*Id.* at p. 4.)

mechanic license, he had taken steps toward that goal. He had completed 2,042.5 hours of classwork toward his Airframe and Power diploma, which exceeded the minimum required to receive such a diploma from Tennessee College of Applied Technology, although he lacked completion of one course necessary to obtain his diploma.[24] Out of the six phases needed to receive a diploma, Askew had completed all but one phase.[25] Additionally, Plaintiffs and Ms. Wilson testified as to Askew's long term plans to become an aircraft mechanic. Based on this evidence, the Court finds that the Magistrate Judge's determination that Dr. Ciscel's testimony was not speculative is not clearly erroneous or contrary to law.

The Court also finds that the Magistrate Judge had an adequate basis for interpreting Dr. Ciscel's report as to the viability of his opinion. Although Defendant City argues that the Magistrate Judge misinterpreted the report as stating that Dr. Ciscel's opinion that Askew would have become an aircraft mechanic remained "fairly strong," even though Askew had not completed the necessary aircraft mechanic certification, the wording of the report is somewhat ambiguous. Magistrate Judge Pham's interpretation of the report is neither clearly erroneous nor contrary to law.

Conclusion

Having reviewed the Magistrate Judge's order, the parties' briefing on appeal, and the entire record of the proceedings, the Court holds that the Magistrate Judge's ruling was not clearly erroneous or contrary to law. Therefore, the decision of the Magistrate Judge granting in

---

[24] (Wilkerson Dep. pp. 17-29, ECF No. 164.)

[25] (*Id.* at p. 50.) Defendant's own authority states that the Court should focus "on the steps the person has actually taken to accomplish his or her educational or career goals." *Overstreet v. Shoney's Inc.*, 4 S.W. 3d 694, 705 (Tenn. App. 1990). This is exactly what the Magistrate Judge did.

part and denying in part Defendant's motion to strike is **AFFIRMED**.

IT IS SO ORDERED.

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date:   May 12, 2016.